## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**PRIORITY HEALTHCARE**
**DISTRIBUTION, INC.,**

> **Plaintiff,**

**-vs-**                                    Case No.  6:10-cv-636-Orl-31GJK

**THE EYE CENTER GROUP, LLC,**

> **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

> This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 10)** |
| **FILED:** | **September 15, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On April 23, 2010, Priority HealthCare Distribution, Inc., doing business as Curascript SD Specialty Distribution (the "Plaintiff"), filed a complaint (the "Complaint") against The Eye Center Group, LLC. ("Defendant") alleging breach of an installment contract (Count I), unjust enrichment (Count II), account stated (Count III), and open account (Count IV). Doc. No. 1. Plaintiff states that it entered into a written contract (the "Contract") with Defendant for the

ongoing purchase, furnishing, and delivery of certain pharmaceutical drugs and supplies.  Doc.

Nos. 1 at 2, 1-1, 1-2. The Contract provides:

> [Defendant] agrees to pay in a timely manner all debts, accounts
> and invoices owing to [Plaintiff] in full accordance with the agreed
> upon terms of sale as printed on the invoices and that the due date
> for each invoice is the date by which payment must be received at
> the [Plaintiff's] "remit to" address noted on invoices and
> statements.  The undersigned [Defendant] acknowledges that all
> statements of account shall be considered true and correct, unless
> the undersigned contests the accuracy of any such statement within
> 30 days of the date thereof, by sending a written inquiry to
> [Plaintiff].  The [Defendant] agrees that in the event such debts,
> accounts or invoices are not paid when due, they will accrue late
> charges at the rate of eighteen percent (18%) per annum or the
> maximum rate allowed by law, whichever is the lesser rate.
> [Plaintiff] reserves the right to apply any and all past-due moneys
> however it deems appropriate.

Doc. No. 1-1 at 2.  In the Complaint, Plaintiff alleges that Defendant has failed to pay Plaintiff

under the terms of the Contract.  Doc. No. 1 at 2.  Plaintiff attaches "a true and accurate copy of

Defendant's Statement of Account" to the Complaint.  Doc. No. 1-2.  Plaintiff states that the

Statement of Account shows that as of December 31, 2009, Defendant owed Plaintiff the

principal amount of $162,628.89.  Doc. No. 1 at 3.

On June 1, 2010, although addressed to the Defendant's registered agent, the summons

and a copy of the Complaint were served upon "Melissa Klein as Office Manager" for

Defendant.  Doc. No. 6 at 1.[1]  The Defendant did not respond to the Complaint.  On July 21,

---

[1] Under Indiana law, serving the Defendant by leaving a copy of the summons and the Complaint with its "Office
Manager" is effective service.  *See* Trial Rule 4.6(A)(1), Indiana Rules of Trial Procedure (2010); Ind. Code § 23-1-
24-4(a)-(c) (2010); Trial Rule 83(2), Indiana Rules of Trial Procedure (2010) (defining "executive officer" as,
among other things, an "office manager"); *Muster v. Groce*, 829 N.E.2d 52, 62-64 (Ind. Ct.  App. 2005) (holding
that Section 23-1-24-4 is not the only means to perfect service on a corporation in Indiana and pursuant to Indiana
Trial Rule 4.6(a) service may be effectuated by serving any "executive officer").

2010, default was entered by the Clerk pursuant to Rule 55(a), Federal Rules of Civil Procedure (2010).  Doc. No. 9.

On September 15, 2010, pursuant to Rule 55(b)(1), Federal Rules of Civil Procedure 2010), Plaintiff timely moved for entry of final default judgment (the "Motion").  Doc. No. 10. Plaintiff seeks judgment against Defendant for compensatory damages in the amount of $163,628.89, plus prejudgment interest at the contractual rate of 18% per annum on the principal amount from December 31, 2009 through the date of entry of the judgment. Doc. No. 10 at 2.  In the Motion, Plaintiff does not request attorneys' fees and costs.  Doc. No. 10.  Attached to the Motion is an affidavit of Linda O'Neal ("Ms. O'Neal"), who is employed by Plaintiff.  Doc. No. 10-1 at ¶ 2.  Ms. O'Neal states that Plaintiff has been damaged in the amount of $163,628.89 by Defendant's "wrongful refusal to pay for the pharmaceutical drugs and supplies provided by [Plaintiff] to Defendants [sic]."  Doc. No. 10-1 at 2.  Based on the foregoing, Plaintiff requests an entry of default final judgment.  Defendant has failed to respond to the Motion.

## II.    LAW AND ANALYSIS.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed.R.Civ.P. 55(a).  The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered.  *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  A default judgment has the effect of establishing as fact the plaintiff's well-plead

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Rule 55(b)(1), Federal Rules of Civil Procedure, states:

> **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).  "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

"The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Kaloe Shipping Co. Ltd. V. Goltens Service Co., Inc.*, 315 Fed.Appx. 877, *3 (11th Cir. 2009) (quoting *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999)).

After reviewing the Complaint, the Motion and the attached affidavit, it is recommended that the Court find that the Defendant's breach of the Agreement should be reduced to judgment. However, the invoices attached to the Complaint (Doc. No. 1-2) and the Motion (Doc. No. 10-1 at 5-7) show an outstanding balance of $190,706.65, or $27,077.76 more than the amount of damages requested in the Motion.  *Id*.  Accordingly, the undersigned recommends that the Court award the amount of damages actually requested ($163,628.89) rather than the amount of the outstanding balance shown in the invoices ($190,706.65).  Therefore, as of December 31, 2009,

4

Defendant had a past due balance of $163,628.89, plus prejudgment interest in amount of eighteen (18%) percent per annum.  Accordingly, Plaintiff is entitled to recover the total balance, plus pre-judgment interest through the date of judgment

**THEREON** it is **RECOMMENDED** that:

1.     Plaintiff's Motion (Doc. No. 10) be **GRANTED**;

2.     Plaintiff be awarded $163,628.89,  plus pre-judgment interest at a rate of 18% per annum from December 31, 2009 through the date of judgment against the Defendant, plus post-judgment interest at the legal rate from the date of judgment; and

3.     The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 1, 2010.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record